# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MOEUN YOEUN,

    Defendant.

CASE NO. MJ19-5032

DETENTION ORDER

THIS MATTER was set for hearing on March 11, 2019 concerning the release or detention of the defendant under the Bail Reform Act, 18 U.S.C. § 3142. The Complaint was filed against the defendant on March 6, 2019; there are two counts: Travel with Intent to Engage in Illicit Sexual Conduct, under 18 U.S.C. § 2423(b) (Count 1), and Possession of Child Pornography, under 18 U.S.C. § 2252(a)(4)(B), (b)(2) (Count 2). Dkt. 1 at pp. 1-2.

The government appeared through Assistant United States Attorney Grady Leupold. The defendant appeared personally and was represented by counsel, Assistant Federal Public Defender Miriam Schwartz.

The United States Probation and Pretrial Services Office appeared through United States Probation Officer Nick Bassett, and filed (Dkt. 7, 8) a pretrial report, and supplemental report.

IT IS ORDERED that the defendant:

Shall be detained, under the rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community, and considering all the factors in the Bail Reform Act. 18 U.S.C. § 3142(e), (g).

The Court reviewed the documents in the electronic docket for this matter, including the allegations in the Complaint, and considered the arguments and information presented during the March 11, 2019 hearing. The defendant is charged with Travel with Intent to Engage in Illicit Sexual Conduct, under 18 U.S.C. § 2423(b) (in Count 1 of the Complaint, Dkt. 1 at p. 1). This charge triggers the rebuttable presumption of detention, that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. §§ 3142(e)(1), (e)(3)(E). The presumption operates to shift the burden of production to the defendant. *United States v. Hir,* 517 F.3d 1081, 1086 (9th Cir. 2008). The prosecution has the burden of persuasion. *Id.*

If the defendant proffers evidence to rebut the statutory presumption, this does not mean the presumption has been erased; it simply means the presumption is an evidentiary finding that militates against release, and is weighed along with the other factors identified in 18 U.S.C. § 3142(g). *United States v. Hir,* 517 F.3d at 1086. The four factors are: 1. Nature and seriousness of the charges; 2. Weight of the evidence against the defendant; 3.

History and characteristics of the defendant; and 4. "Nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g)(1)-(4). The Bail Reform Act recognizes that release should be the normal course, and "detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno,* 481 U.S. 739, 755 (1987). In evaluating whether the defendant poses a serious potential for dangerousness, it is not necessary for the Government to produce, or for the Court to rely on, evidence of prior convictions for violent crimes. *United States v. Hir,* 517 F.3d at 1091-92; *United States v. Rodriguez,* 950 F.2d 85, 88-89 (2d Cir. 1991).

In this case, applying the first factor -- charges against the defendant are extremely serious. The Complaint (Dkt. 1) alleges the defendant, between October 14, 2018 and February 17, 2019, communicated with an individual in the Philippines by using social media through Facebook. Dkt. 1 at 3-11. The content of these communications shows the defendant was planning to travel to the Philippines, and while visiting there he wanted to engage in sexual acts with minor girls. *Id.* He offered to pay the individual that he contacted in the Philippines for access to young girls so that he could engage in sexual acts, and for the opportunity to commit violent acts, stating that his preference was for seven- to nine-year-old girls and commenting: "I'm gonna make her bleed", "I make it hurt lol", "Capture her rape her and brake her face permanent damage", "What if kill?". Dkt. 1 at 6, 8-11.

The Complaint also alleges that the defendant acknowledged to law enforcement, during a recorded interview on March 6, 2019, that he actually went to the Philippines during February 2019 and paid for, and engaged in, sexual contact -- with at least two young girls. He estimated the two girls were twelve years old. Dkt. 1 at 13-14. In addition, the Complaint states that a search of the defendant's residence revealed an electronic device containing multiple files in

which were stored depictions of child pornography; in two of the files, the girls were estimated by law enforcement to be seven to ten years old, and the electronic images depicted them in sexually explicit poses. Dkt. 1 at 13.

Regarding the second factor, the weight of the evidence, this factor is difficult to assess at this stage, and the Court does not rely heavily on this factor. The Court takes into account that the defendant made inculpatory statements to law enforcement.

Regarding the third factor, history and circumstances of the defendant, the defense has proffered evidence that he has had a long career with the United States Army and the Court considered that this was a positive contribution to the community. Dkt. 8 at 2. He was deployed to Iraq from 2004-05, and to Afghanistan from April 2011 to January 2012. Dkt. 8 at 3. He was employed at the time of his arrest on March 6, 2019 in the position of Brigade Human Resources Sergeant at Joint Base Lewis McChord; this is a position that carries significant responsibility, which shows strong employment capability and economic ties to the community. Dkt. 8 at 3. He was also employed as a driver for Uber Transportation from September 2018 to the time of his arrest. Dkt. 8 at 3.

The defendant proposed to live in his apartment -- a residence where he has lived since August 2018 by himself. Dkt. 8 at 2. He proposed electronic home monitoring and that he would surrender his passport.

The pretrial services supplemental report (Dkt. 8) illuminates additional circumstances of the defendant. The defendant has one previous charge -- by the United States Army in Virginia for domestic assault in 2015 which was referred to Family Advocacy -- but he does not have any criminal convictions.

The fourth factor, dangerousness to others and to the community, is present in this situation. The Government has proffered evidence that the defendant communicated through social media user accounts operated by Facebook; he used these communications to make arrangements to pay an individual in the Philippines so the defendant could obtain electronic depictions of minor girls in sexually explicit poses. At his apartment – the same residence he seeks to be release to for pretrial supervision – law enforcement found a thumb drive connected to a television, and the thumb drive contained electronic images -- including files with depictions of two minor girls (approximately seven to ten years old) in sexually explicit poses. And he used Facebook social media to communicate with an individual in the Philippines in an effort to pay for sexual and violent contact with minor girls.

In addition, the government stated during the hearing that it has evidence that the defendant made trips to the Philippines on three occasions during the past year; and one of these trips was made by going to Canada and then embarking on travel to the Philippines from that country. Dkt. 8 at 3. According to the government's counsel, defendant's commanding officer told the government that his Army unit is not large, and operates with limited resources; it would therefore be difficult for the Army to assist U.S. Probation and Pretrial with supervising the defendant in the community. The defendant has a passport; at the time of the detention hearing, the exact location of the passport was not confirmed. This shows a probability of flight, or failing to appear for court, because the defendant cannot be trusted to report his behavior; he has travelled frequently, and engaged in alleged crimes while serving in a position of responsibility in the United States Army without causing his employer to become concerned about his activities.

When there is clear and convincing evidence that the defendant poses a danger to others and to the community, or there is a preponderance of the evidence showing that the defendant is

a flight risk or may fail to appear for court hearings, the Court must next analyze whether there is a "condition or combination of conditions [that] will reasonably assure . . . the safety of any other person and the community." 18 U.S.C. § 3142(e); *United States v. Hir,* 517 F.3d at 1092-93.

The record reflects that the defendant has allegedly engaged in sexually violent communications through social media, and he has demonstrated the ability to travel and be stealthy in his behavior -- he acted with surreptitious planning and succeeded in communicating through Facebook and travelling to and from the Philippines to have sexual contact with minors while keeping all of his activities a secret from his military commander -- successfully avoiding detection by his Army commander. There are no conditions, or combination of conditions, that would allow the Court to mitigate the risk of dangerousness, or risk of flight or failure to appear, regarding the defendant. As the United States Court of Appeals discussed in *United States v. Hir,* 517 F.3d at 1092-93, it is extraordinarily difficult to control a defendant's access to the internet when there are myriad ways to obtain or borrow a device that will allow such access. Even with stringent conditions such as electronic home monitoring, it would not be possible to control the defendant's access to the internet – he could borrow an electronic device from another person who visits his apartment, or use someone else's device at a location that is allowed under the electronic monitoring of his whereabouts without being detected. The fact that the alleged victims were in the Philippines rather than in the United States supports a finding of danger to others and to the community. *Hir,* at 1088-89, 1091-92. The presence of child pornography on an electronic device in the defendant's apartment in the United States, and the act of communicating and arranging for such services through Facebook social media by the defendant here in the United States connecting with an individual in the Philippines, shows by clear and convincing evidence that the defendant presents a probability of danger to the safety of others in both countries.

Considering all of these factors, the Court finds that the statutory presumption of detention was not overcome.

The defendant shall be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded reasonable opportunity for private consultation with counsel. The defendant shall be delivered on order of a Court of the United States or on request of an attorney for the Government, be delivered to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

The clerks shall direct copies of this order to counsel for the United States, to counsel for the defendant, the United States Marshal and to the United States Probation Office and/or Pretrial Services Office.

Dated this 13th Day of March, 2019

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge